1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

12
13
14
15
16
17

| | |
|---|---|
| LARRY Z. RUDE,<br><br>                            Plaintiff,<br>     v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security Administration,<br><br>                            Defendant. | CASE NO.  C09-5336JRC<br><br>ORDER ON MOTION FOR ATTORNEY'S FEES |

18
19
20
21
22
23
24
25

        This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judges' Rule MJR 13. (See also Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, ECF No. 4; Consent to Proceed Before a United States Magistrate Judge, ECF No. 11.) This matter is before this Court on plaintiff's Motion for an Award of Attorney's Fees pursuant to 42 U.S.C. § 406(b) (ECF No. 25). Defendant has filed a response (ECF No. 28).

26

        After considering and reviewing the record, the Court concludes that the fee sought by plaintiff's attorney is reasonable.

ORDER - 1

## PROCEDURAL HISTORY

Plaintiff protectively filed an application for disability insurance benefits and supplemental security income on September 16, 2005 (see ECF No. 15). He alleged that he became disabled on May 2, 2005 (id.). On August 29, 2008, after a May 7, 2008 hearing, the ALJ issued a decision denying plaintiff's claim (id.). On May 11, 2009, the Appeals Council denied plaintiff's request for review (id.). Plaintiff sought review of the ALJ's written decision with this Court (Complaint, ECF No. 3).

On October 28, 2009, based on stipulation of the parties, this Court ordered the Commissioner's August 29, 2008 written decision be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further proceedings (ECF No. 20). On December 29, 2009, based on stipulation of the parties, this Court ordered the Commissioner to pay to plaintiff attorney's fees and expenses in the sum of $3,679.53 and costs of $10.13 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (ECF No. 23).

On August 16, 2010, a new hearing was held, and on August 24, 2010, plaintiff received a fully favorable decision by the ALJ (ECF No. 23, pp. 40-48). In addition, on August 24, 2010, the ALJ approved the fee agreement between plaintiff and his representative (id. at 50). On November 19, 2010, the Office of Central Operations in Baltimore, Maryland issued an award letter, indicating that plaintiff was entitled to a retroactive award of disability benefits (id. at 52-57). The award letter indicated that the Social Security Administration withheld 25 percent of the past due benefits for attorney's fees, i.e., $16,642.25 (id. at 54).

On December 22, 2010, plaintiff filed the underlying motion for attorney's fees pursuant to 42 U.S.C. § 406(b) (ECF No. 25). Defendant, in his response, indicates that he "has given substantive consideration to the merits of plaintiff's request and found no basis to object" (ECF

ORDER - 2

1  No. 28, p. 1). He also indicates that he "has no objection to this request and will defer to the

2  Court's assessment of the matter" (id.).

## STANDARD OF REVIEW

> Whenever a court renders a judgment favorable to a claimant under this title [42 U.S.C. §§ 401 et. seq.] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b). According to the United States Supreme Court, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). The Court also concluded that Section 406(b) "calls for court review of such [contingent-fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." Id. The Court may reduce the amount of attorney's fees "based on the character of the representation and the results the representative achieved." Id. at 808 (citations omitted); see also Elick v. Barnhart, 445 F.Supp. 2d 1166, 1168 (C.D. Cal 2006). For example, "[i]f the attorney is responsible for delay" or "the benefits are large in comparison to the amount of time counsel spend on the case," the Court may adjust the attorney's fees downward. Gisbrecht, 535 U.S. at 808 (*citing* Rodriquez v. Bowen, 865 F.2d 739, 746-47 (1989)).

## DISCUSSION

Plaintiff's attorney requests a fee in the amount of 25 percent of the total of the past-due benefits to which plaintiff is entitled, i.e., $16,642.25 (ECF No. 25). Plaintiff's attorney's request is based on approximately 27 hours of attorney time, and 5 hours of paralegal time. (See id. at p. 4.) Plaintiff's attorney secured a fully-favorable result for plaintiff. In addition, the Court has not found any evidence to suggest that counsel caused any undue delay. While, on its face, the award

ORDER - 3

reflects a higher than average hourly rate, because of the contingent nature of the recovery, the Court also recognizes the delay in payment, the risk of recovering no fees, and the benefit to the client of an attorney's willingness to accept a case on a contingent basis. These are all relevant considerations when reviewing an application such as this one.

## CONCLUSION

The Court concludes that the fee sought is reasonable for the services rendered. See Gisbrecht, 535 U.S. at 807. The requested fee of $16,642.25 is appropriate, minus the amount of Equal Access to Justice fees already awarded, i.e., $3,679.53 (see ECF No. 23).

Accordingly, the Court hereby ORDERS that counsel for plaintiff shall be awarded attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $12,962.72.

Dated this 3rd day of February, 2011.

J. Richard Creatura
United States Magistrate Judge